IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE MOORISH SCIENCE TEMPLE OF AMERICA
EX. REL TERRANCE A. MCCAULEY,

                Plaintiff,

  v.

BARBARA W. MCCRORY, RICHARD J.
SULLIVAN, FRANK P. RAFF, GWANNY
TJOA, JAMES FITZGERALD, JODI
TIMMERMAN, JENNIFER E. ANNEN,
and SHEILA HAMMERSTAD,

                Defendants.

OPINION and ORDER

22-cv-475-wmc[1]

---

Pro se plaintiff Terrance A. McCauley is incarcerated at Dodge Correctional Institution. He alleges that defendants have conspired to deprive him of his rights as a Moorish American and member of the Moorish Science Temple of America. McCauley seeks damages and preliminary and permanent injunctive relief from a number of defendants involved in his criminal cases.[2]

McCauley has paid the full filing fee. Nonetheless, because McCauley is a prisoner, the next step for me is to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

[2] McCauley says the Temple is "obligated to act as surety" for him. Dkt. 1 at 7. I have changed the caption to reflect that the Temple is not a defendant as McCauley requested in a letter to the court. Dkt. 6.

less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss the complaint.

ALLEGATIONS OF FACT

McCauley is a Moorish American and "a life membership policy holder, stockholder/beneficiary certificate owner of the Moorish Science Temple of America" who is "entitled to certain rights and benefits of the organization." Dkt. 1 at 6. In 2018, McCauley was arrested in Beloit, Wisconsin. Publicly available state court records indicate that Judge Barbara W. McCrory is currently presiding over four criminal cases proceeding against McCauley in Rock County Circuit Court. The prosecuting attorney is Richard J. Sullivan, although prosecutor Gwanny Tjoa filed charges in the two earliest cases. McCauley was initially represented by James Fitzgerald and most recently by Frank P. Raff. Raff also represented McCauley in three now-closed criminal cases in Jefferson County Circuit Court.

McCauley previously litigated a paternity action in Rock County. After McCauley started serving his Jefferson County sentence, Rock County Court Commissioner Jodi Timmerman, Rock County Child Support Services representative Sheila Hammerstad and Attorney Jennifer E. Annen began "threatening garnishment" of McCauley's prison trust fund account to satisfy his child support obligations. *Id*.[3]

---

[3] Wisconsin circuit court case information is publicly available online through the Wisconsin Circuit Court Access program, https://wcca.wicourts.gov. As of the date of this order, McCauley was facing criminal charges in Rock County Circuit Court Case Nos. 2018CM194, 2018CM924, 2019CF462, and 2020CM773. Jefferson County Circuit Court Case Nos. 2019CF96, 2019CM85, and 2020CF102 were resolved at McCauley's sentencing in that court on June 23, 2022. Finally, McCauley was a respondent in Rock County Circuit Court Case No. 2015PA111PJ, a paternity action in which Timmerman ordered McCauley to pay $5.00 a month towards child support arrears while incarcerated.

ANALYSIS

McCauley contends that defendants are in violation of 18 U.S.C. § 241 (conspiracy against civil rights) and 18 U.S.C. § 242 (deprivation of rights) by proceeding with the criminal cases against him and enforcing his child support obligations despite his "national status." Dkt. 1 at 5. These criminal statutes do not help McCauley in this civil lawsuit. *See Nicolai v. State of Wisconsin*, No. 21-cv-414, 2021 WL 3685193, at *2 (E.D. Wis. April 22, 2021) (private citizens may not file lawsuits under 18 U.S.C. §§ 241, 242). Even if I were to construe McCauley's complaint as alleging a violation under 42 U.S.C. § 1983, which provides a civil cause of action for deprivation of rights under color of law, the complaint must still be dismissed.

The complaint suffers from four problems. First, McCauley raises allegations against several defendants who cannot be sued. A judge, court commissioner, and prosecutors cannot be sued for their official actions. Judges have absolute immunity from suits arising from their official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Court commissioners performing "functions integral to the judicial process" are also immune from liability. *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989). Prosecutors enjoy absolute immunity from suit for alleged injuries that stem from their prosecutorial duties. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). McCauley cannot proceed with his claims against these defendants.

Second, McCauley cannot proceed on any claim in which he attacks his state-court prosecution because federal courts cannot interfere with a state court criminal proceeding when the plaintiff can raise his arguments in state court. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971).

Third, McCauley also alleges injury from defendants' efforts to enforce a child support order, but federal district courts do not have subject-matter jurisdiction to review state court decisions. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403 (7th Cir. 2002) (applying *Rooker-Feldman* to a child support order).

Fourth, McCauley's complaint and motion for preliminary injunctive relief focus solely on his so-called "sovereign citizen" rights as the basis for his claims. Dkt. 1, 2, 3. An argument grounded in long-discredited sovereign-citizen theories is frivolous and cannot succeed. *See Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (suit to enjoin state and county officials from taxing real estate based on plaintiff's alleged Moorish origin was frivolous); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Court of Appeals for the Seventh Circuit summarily rejected McCauley's theory of sovereign citizenship several months ago in another case. *See McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting McCauley's argument that his status as a "Moorish American national" placed him outside the laws or authority of Illinois). I will do the same here, and I will not consider any future arguments from McCauley that depend solely on such theories.

Because McCauley's complaint is frivolous, and because I see no way for McCauley to transform his allegations into a federal claim, I will dismiss this case with prejudice and without an opportunity to amend his complaint. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile").

ORDER

IT IS ORDERED that:

1. This case is DISMISSED as frivolous. Plaintiff's motion for preliminary injunctive relief, Dkt. 2, is DENIED as moot.

2. Any future cases or motions that plaintiff files based on the assertion that he is sovereign and beyond the jurisdiction of the courts will be dismissed immediately as frivolous.

3. The clerk of court is directed to enter judgment for defendants and close this case.

4. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered October 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge